UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN CONTRACTORS, INDEMNITY COMPANY     Plaintiff, vs. BANK OF SULLIVAN,     Defendant. | ) ) ) ) ) ) ) ) Case No. 4:19-CV-2381 NAB ) ) ) ) ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Non-Party Daniel E. Leslie's ("Receiver"), the Court Appointed Receiver of Missouri Professional Mutual-Physicians Professional Indemnity Association Motion to Intervene for the Limited Purpose of Protecting the Receivership's Interest (Doc. 17). Plaintiff American Contractors Indemnity Company has filed a response in opposition to the motion (Doc. 19). Defendant Bank of Sullivan has not filed a response stating a position on the Receiver's motion.

**I.      Background**

Plaintiff American Contractors Indemnity Company ("ACIC" or "Plaintiff") filed the present lawsuit alleging Defendant Bank of Sullivan ("BOS" or "Defendant") failed to honor its obligations under an Irrevocable Letter of Credit ("the ILOC") that BOS issued to ACIC as beneficiary.  According to the Complaint, Plaintiff is the surety of Missouri Professional Mutual-Physicians Professional Indemnity Association ("MPM"), an insurance carrier that issued an

1

insurance policy to a defendant in a state court medical malpractice case wherein the state court plaintiff obtained a judgment against MPM.  At the request of MPM as principal, Plaintiff ACIC, as surety, issued an Appeal Bond for $1,007,000.00.  In consideration of the issuance of the Appeal Bond, MPM arranged for Defendant BOS to issue the subject ILOC in the amount of up to $1,007,000.00, to and for the benefit of Plaintiff ACIC.  In the present lawsuit, Plaintiff seeks payment from Defendant under the ILOC for $1,007,000.00, as well as fees, costs, expenses, and prejudgment interest.

The subject of this lawsuit is also the subject of a receivership currently pending in the Circuit Court of Franklin County, Missouri ("Circuit Court"). On December 31, 2018, MPM filed a petition in the Circuit Court seeking appointment of a general receiver under the Missouri Commercial Receivership Act (Cause Number 18AB-CC00267). On March 28, 2019, the Circuit Court appointed Daniel Leslie to act as a receiver in the matter. The ILOC funds sought by Plaintiff in the present lawsuit have been interplead into the receivership in the Circuit Court and are a subject of that receivership.

Daniel Leslie, as Receiver of MPM in the Circuit Court receivership, has filed a motion to intervene in this case. The Receiver represents that the action pending before the Circuit Court involves the right to a bond that is subject to the present case, and while the Receiver does not seek to become involved in the disputes between the parties to this action, he seeks to intervene because "it appears that the instant case involves a dispute between the parties over certain fees related to the Bond and the Receiver has an interest in contesting any assertion that those fees should be borne by the Receivership Estate" (Doc. 17-1).

Plaintiff opposes the Receiver's motion to intervene. Plaintiff asserts the only claim in the present case is Plaintiff's claim for Defendant to pay Plaintiff pursuant to the ILOC (Doc. 19).

2

Plaintiff argues that if the Court orders Defendant to pay Plaintiff under the ILOC, that order will not give Defendant any right of recovery against the Receiver, and even if Plaintiff or Defendant did assert the fees related to the Bond should be borne by the Receivership, that claim would have to come in the form of a third-party complaint served on the Receiver, thus a third-party complaint would give the Receiver notice and time to protect its interests. Plaintiff also argues that because the Receiver has not attached a pleading setting out the claim or defense for which intervention is sought as required by Federal Rule of Civil Procedure 24(c), there is no way to evaluate the Receiver's rights or standing, and the Motion should be denied.

## II.     Legal Standard

"Under Rule 24(a)(2), a party is entitled to intervene as a matter of right if: (1) she has a cognizable interest in the subject matter of the litigation; (2) the interest may be impaired as a result of the litigation; and, (3) the interest is not adequately protected by the existing parties to the litigation." *Medical Liability Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007). An interest is cognizable under Rule 24(a)(2) only where it is "direct, substantial, and legally protectable." *United States v. Union Elec. Co.,* 64 F.3d 1152, 1161 (8th Cir.1995). An economic interest in the outcome of the litigation is not itself sufficient to warrant mandatory intervention. *Med. Liab. Mut. Ins. Co.,* 485 F.3d at 1008.

Alternatively, permissive intervention is granted where one "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). "The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights." *S. D. ex rel Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003). The Eighth Circuit has described intervention as serving the interest of the judicial system by resolving all related controversies in

a single action. *Kan. Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 60 F.3d 1304, 1307-08 (8th Cir. 1995). Rule 24 is construed liberally, and any doubts are resolved in favor of the proposed intervenor. *Union Elec. Co.*, 64 F.3d at 1158.

When moving for intervention of right or permissive intervention, the motion must be timely, and the proposed intervenor must have Article III standing. "The question for determining timeliness is whether existing parties may be prejudiced by the delay in moving to intervene." *United States v. Union Elec. Co.,* 64 F.3d at 1159. To establish standing, the movant must show: (1) an injury in fact; (2) causation; and (3) redressability. *Curry v. Regents of Univ. of Minnesota*, 167 F.3d 420, 422 (8th Cir. 1999).

Additionally, the motion to intervene must "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). The requirement of Rule 24(c) "is not merely a procedural formality, but is integral to the Court's necessary analysis of the legal rights asserted by the intervenor, and concomitant issues such as standing and jurisdiction." *St. Charles Tower, Inc. v. Cty. of Franklin, Mo.*, No. 4:09CV987-DJS, 2009 WL 3852462, at *1 (E.D. Mo. Nov. 17, 2009).

**III.    Discussion**

As a threshold matter, the proposed intervenor's timeliness is not disputed. The Receiver asserts he filed his motion upon learning of the lawsuit and the positions of the parties, and Plaintiff does not allege any delay on the part of the Receiver.

The Court must then determine whether the Receiver satisfies the conditions of intervention of right. The Receiver argues he has an "important interest" in contesting claims that the fees related to the Bond should be borne by the Receivership Estate. The Receiver's interest could be impaired by such a claim, as the Estate funds could be partially depleted without the

Receiver's having had a prior opportunity to assert its right to protect those funds. Furthermore, while the interests of the other parties are not adverse to the interests of the Receiver, they are nonetheless inadequately aligned with the interests of the Receiver, such that the interests are not adequately protected by the existing parties to the litigation. While the Receiver does have an interest in protecting the Receivership Estate, the Court is not satisfied that the Receiver has demonstrated this interest is direct, substantial, and legally protectable as required for intervention of right.  Neither Plaintiff nor Defendant have made a claim that any fees should be borne by the Receivership Estate. Thus, the Receiver's asserted interest is too remote to constitute a cognizable interest under Rule 24(a)(2).  *See Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008 (8th Cir. 2007) (An interest that is "contingent upon the occurrence of a sequence of events before it becomes colorable" is insufficient under Rule 24(a)(2)).

Additionally, the Receiver has not submitted a pleading with his motion that sets out a claim or defense for which intervention is sought. This failure to comply with Rule 24(c)'s important requirement serves as grounds to deny the Receiver's motion to intervene. *See, e.g., Schwartz v. Cincinnati Life Ins.*, No. 4:19-CV-01875-AGF, 2019 WL 4537129, at *1 (E.D. Mo. Sept. 19, 2019); *United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, No. 4:10-CV-2076 CAS, 2014 WL 4851801, at *4 (E.D. Mo. Sept. 29, 2014); *St. Charles Tower, Inc.,* 2009 WL 3852462, at *1.

The Court concludes the Receiver does not have a presently cognizable interest warranting intervention as a matter of right, nor has the Receiver set out a claim or defense for which intervention is sought.  Because the Court finds that the proposed intervenor does not satisfy the

5

requirements of Rule 24(a)(2) or (c), the Court will not separately address the requirements for Article III standing. [1]

For the foregoing reasons, the Court will deny the Receiver's motion to intervene without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Non-Party Daniel Leslie the Court Appointed General Receiver of Debtor Missouri Professionals Mutual-Physicians Indemnity Association's Motion to Intervene is **DENIED without prejudice**.  (Doc. 17).

Dated this 15th day of May, 2020.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Receiver brings his motion for intervention of right under Rule 24(a) and does not alternatively assert a claim or defense as a basis for permissive intervention under Rule 24(b).  (Doc. 17-1).  Accordingly, the Court has not evaluated any basis for permissive intervention.